Heidi G. Goebel (10343)
Amberly Page (17095)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 441-9393
hgoebel@gapclaw.com
apage@gapclaw.com

*Attorneys for Hartford Fire Insurance Company*
*and Twin City Fire Insurance Company*

---

**UNITED STATES DISTRICT COURT DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| HSS SECURITY, LLC, f/k/a HSS, INC.; and TARIAN GROUP, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and BROADSPIRE SERVICES, INC.,<br><br>*Defendants*. | **NOTICE OF REMOVAL**<br><br>Case No. ______________________<br><br>(Removed from the Third Judicial District Court, Salt Lake County, Utah; Civil Action No. 260905091) |

Please take notice that Defendants Hartford Fire Insurance Company and Twin City Fire Insurance Company, under 28 U.S.C. §§ 1332, 1441 and 1446, and in compliance with DUCivR 81-1, remove case no. 260905091 from the Third District Court in and for Salt Lake County, Utah. As required by DUCivR 81-1(a)(1)(C), the undersigned states the following grounds for removal and certifies that a copy of the state court docket sheet, the current Amended

Complaint, and all other existing filings from the state court proceedings are attached as exhibits hereto.[1]

The basis of removal of this action is diversity jurisdiction. As described more fully below, Plaintiffs are Florida and Virginia citizens, whereas Defendants are Connecticut, Delaware, Georgia, and Indiana citizens, and the amount in controversy exceeds $75,000. Defendants Hartford Fire Insurance Company and Twin City Fire Insurance Company were served with the Amended Complaint on July 28, 2026, and Broadspire Services, Inc. was served with the Amended Complaint on July 29, 2026. The time for removal allowed under 28 U.S.C. 1446(b)(1) has not run. In addition, all Defendants consent to removal. The state court proceedings otherwise initiated on July 1, 2026.

## STATEMENT FOR REMOVAL

1. Plaintiffs, HSS Security, LLC ("HSS") and Tarian Group, LLC ("Tarian") are both limited liability companies organized in Delaware.

2. HSS was formerly known as HSS, Inc. HSS, Inc. was the entity to whom Defendants Hartford Fire Insurance Company and Twin City Fire Insurance Company issued their respective insurance polices.

3. HSS has stated that Tarian Group, LLC is its corporate parent. *E.g.*, Emina GEROVIC, Plaintiff-Appellant, v. CITY AND COUNTY OF DENVER, et al., Defendants-Appellees., 2022 WL 3681409, at *2 ("HSS, Inc. was converted to HSS Security, LLC in April 2022. The parent company of HSS Security, LLC is Tarian Group, LLC.") (cited in *HSS Inc. v.*

---

[1] The Amended Complaint is attached as **Exhibit 1** to this Notice. The copy of the current state court docket is attached as **Exhibit 2**, and a single attachment including the pleadings, motions, orders, and other relevant filings is attached as **Exhibit 3**. *See* DUCivR 81-1(b).

*Evolution Consulting, LLC*, No. 1:22-CV-01854-CNS-KAS, 2024 WL 5356863, at *2 (D. Colo. May 24, 2024)).

4. Plaintiffs have nonetheless asserted as true in this action the allegations in the underlying proceedings that Tarian and HSS are actually one entity, having merged together into HSS. *E.g.*, Ex. 1, ¶¶ 8, 28, 63. Hartford rejects that contention, but, to the extent that the allegation was true, which it does not appear to be, one of HSS or Tarian would not be properly joined as parties (given that they would not exist post-merger) and would be ignored as a fictitious name under 28 U.S.C. § 1441(b)(1).

5. Furthermore, it appears that Plaintiffs have misjoined or fraudulently joined Defendant Broadspire Services, Inc., with whom Plaintiffs have no insurance contract or any other contractual relationship. Plaintiffs acknowledge that Defendant Broadspire Services, Inc. "is the third party administrator retained by Hartford as its authorized agent to administer, evaluate, investigate, and handle the claims at issue under the policies." Ex. 1, ¶ 11. Further still, Defendant Broadspire Services, Inc., as a third party administrator, has not ever spent its own money in Plaintiffs' defense. While Plaintiffs try to muddle Defendant Broadspire Services, Inc. with the other Defendants, at bottom, Defendant Broadspire Services, Inc. issued no insurance contract (or any other contract) to Plaintiffs, such that it cannot have a "Duty to Indemnify" (Count II), any "Right to Recoup Defense Costs" (Count IV), or have possibly either committed a "Breach of Contract" (Count VIII) or have "Breach[ed] [an] Implied Covenant of Good Faith and Fair Dealing" (Count IX) *vis a vis* Plaintiffs. It appears that Plaintiffs added Defendant Broadspire Services, Inc. solely to try to defeat diversity jurisdiction, but as explained below, a Delaware limited liability company is not the same thing as a Delaware corporation, as limited liability companies do not take the citizenship of their states of formation or organization, and so diversity

exists regardless of the addition of Defendant Broadspire Services, Inc., though that entity is not a proper party in these proceedings and should be dismissed outright.

6. Through a chain of sole member LLCs, HSS and Tarian, ultimately, have a sole member that is a limited partnership, the partners of which are natural persons residing in Florida and Virginia. Specifically, the members of that partnership are Mr. Michael Hogsten, residing in Florida, Bradford Montague, residing in Virginia, and Richard Bedlack, residing in Florida. *See, e.g.*, Statement of Information in Removed Action at 1, *Gary Lamont Babb v. Tarian Group, LLC (AKA 'HSS'), Hospital Corporation of America, and Park Plaza Hospital*, No. 4:26-cv-02866 (S.D. Tex. June 5, 2026), ECF No. 11 (filing requiring Tarian to state its citizenship through its members); *HSS INC. and Hartford Fire Insurance Company, Plaintiffs, v. EVOLUTION CONSULTING, LLC, Defendant*., 2024 WL 6837756 (D. Colo.) ("HSS Security, LLC's sole member is another LLC, whose sole member is another LLC, etc. There are eight layers of LLCs, until you arrive at a limited partnership as a member, which has multiple individual members that are now known to be domiciled in Florida . . ."); *see also* Plaintiffs' HSS Inc., and Hartford Fire Insurance Company' Motion for Leave to Amend Complaint at 11, *HSS Inc. and Hartford Fire Insurance Company v. Evolution Consulting, LLC*, No. 1:22-cv-01854-CNS-KAS (D. Colo., Apr. 5, 2024), ECF No. 107 (stating same).

7. Messrs. Hogsten, Montague, and Bedlack, being natural persons, all have the citizenships of their respective states of residence, and therefore are Florida and Virginia citizens, respectively. Accordingly, Plaintiffs' citizenships, being those of its member, which as a partnership that in turn takes the citizenship of its partners, are Florida and Virginia.

8. While both HSS and Tarian allege they are organized in Delaware, neither the state of organization nor the principal place of business of a limited liability company bears on that

entity's citizenship for diversity purposes. As the Tenth Circuit (and all others) has made clear, it is only the citizenship of a limited liability company's members that is relevant for diversity purposes.[2]

9. Thus, while Plaintiffs are both Delaware-organized limited liability companies, neither is actually a corporation incorporated in Delaware, and so Plaintiffs do not have Delaware citizenship for diversity purposes.

10. Defendant Hartford Fire Insurance Company is a Connecticut corporation with its principal place of business in Connecticut.

11. Defendant Twin City Fire Insurance Company is an Indiana corporation with its principal place of business in Connecticut.

12. Defendant Broadspire Services, Inc. is a Delaware corporation with its principal place of business in Georgia.

13. Accordingly, Defendants' various citizenships are Connecticut, Delaware, Georgia, and Indiana, whereas Plaintiffs are citizens of Virginia and Florida. There is, therefore, complete diversity, as no Plaintiff shares the same citizenship as any Defendant.

---

[2] *Birdsong v. Westglen Endoscopy Ctr., L.L.C.*, 176 F.Supp. 2d 1245, 1248 (D. Kan. 2001) ("The affidavits submitted to the court demonstrate defendant is organized under the laws of Tennessee as a limited liability company . . . Unlike corporations, the Supreme Court has long held fast to its position that an unincorporated entity is a citizen of each state where its individual members hold citizenship. . . . Neither the entity's state of organization or the situs of its principal business activity, therefore, are determinative in deciding citizenship.") (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990)); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("Under Oklahoma law, an LLC is an unincorporated association or proprietorship . . . Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members. . . . Thus, this court must reject Century Surety's request to determine the citizenship of Siloam Springs by reference to its state of organization and the state of its primary business operations and, instead, joins all other circuits that have considered the matter in concluding Siloam Springs takes the citizenship of all its members.") (citing various).

14. The amount in controversy in this case exceeds $75,000. Plaintiffs seek declarations impacting at least ten million dollars of insurance coverage, *e.g.*, Ex. 1, ¶ 24, including specifically arguing that Tarian is an insured under those insurance policies by claiming Tarian is a successor-in-interest to the very much still existing HSS, *e.g.*, Ex. 1, ¶¶ 8, 60–64, and the defense costs at issue have exceeded $75,000.01.

15. Defendants Hartford Fire Insurance Company and Twin City Fire Insurance Company were served with the Amended Complaint on July 28, 2026, and Broadspire Services, Inc. was served with the Amended Complaint on July 29, 2026. Pursuant to 28 U.S.C. 1446(b)(1), Defendants have 30 days after service of the Amended Complaint in which to file a notice of removal. Thus, this removal is timely under 28 U.S.C. § 1446(b)(1).

16. All Defendants consent to removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Broadspire has been made aware of this removal and has expressly consented to removal.

17. No Plaintiff or Defendant in this proceeding is a resident or citizen of Utah.

18. Without regard to any defenses under Federal Rule of Civil Procedure 12, all such issues being preserved, the District of Utah is the appropriate federal district court to receive the removal of this case, as the state court proceedings were brought in Salt Lake County, Utah.

19. Removal is proper under 28 U.S.C. §§ 1332, 1441 and 1446.

DATED this 18th day of August, 2026.

GOEBEL ANDERSON PC

*/s/ Amberly Page*
Heidi G. Goebel
Amberly Page

*Attorneys for Hartford Fire Insurance Company and Twin City Fire Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of August, 2026, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be served via first class mail, postage prepaid, or email only upon the following:

Mitchell Stephens
Dillon Olson
JAMES DODGE RUSSELL & STEPHENS, P.C.
545 East 300 South
Salt Lake City, UT 84102
mstephens@jdrslaw.com
dolson@jdrslaw.com

Renier P. Pierantoni
COOPER, LLC – COUNSELORS AT LAW
108 N. Union Avenue – Suite 4
Cranford, NJ 07016
renier@cooperllc.com

*Attorneys for Plaintiff*

*/s/ Karen Harwood*