Heidi G. Goebel (10343)
Amberly Page (17095)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 441-9393
hgoebel@gapclaw.com
apage@gapclaim.com

*Attorneys for Broadspire Services, Inc.*

**UNITED STATES DISTRICT COURT DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| HSS SECURITY, LLC, f/k/a HSS, INC.; and TARIAN GROUP, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; and BROADSPIRE SERVICES, INC.,<br><br>*Defendants*. | **BROADSPIRE SERVICES, INC.'S MOTION TO DISMISS**<br><br>Case No. 2:26-cv-00761<br><br>Judge Jill N. Parrish |

Broadspire Services, Inc. ("Broadspire") gives notice of and files this motion to dismiss Plaintiffs' claims against Broadspire with prejudice. Broadspire seeks its fees and costs, under 28 U.S.C. § 1927 or otherwise, as the claims against Broadspire are fictitious, and Broadspire is fraudulently joined to this lawsuit as an attempted removal spoiler.

## <u>INTRODUCTION</u>

This case initiated in Utah state court – despite no parties being a Utah resident – because Plaintiffs take issue with Hartford Fire Insurance Company ("Hartford") and Twin City Fire Insurance Company ("Twin City") asserting that Plaintiffs, after failing to fire a security guard

after he allegedly sexually assaulted one woman, are not entitled to insurance coverage for that security guard's subsequent alleged sexual assaults on two other women. Broadspire, which is not an insurer, has not funded one cent of Plaintiffs' defense, and which has no contractual relationship with Plaintiffs whatsoever, has been added to this lawsuit. Broadspire's addition would seem inexplicable, until one looks a little closer at the allegations.

In the Amended Complaint, ECF No. 1-1, Plaintiffs do not allege their citizenships, except to say they are Delaware-formed limited liability companies ("LLCs"); and Plaintiffs do not allege Broadspire's citizenship, except to say it is a Delaware *corporation*. Plaintiffs' counsel appears to believe that Delaware LLCs and Delaware corporations are automatically not diverse from each other; that is wrong. An LLC does *not* take the citizenship of its state of formation, but only that of its members. *Birdsong v. Westglen Endoscopy Ctr., L.L.C.*, 176 F. Supp. 2d 1245, 1248 (D. Kan. 2001) ("The affidavits submitted to the court demonstrate defendant is organized under the laws of Tennessee as a limited liability company . . . Unlike corporations, the Supreme Court has long held fast to its position that an unincorporated entity is a citizen of each state where its individual members hold citizenship. . .. Neither the entity's state of organization or the situs of its principal business activity, therefore, are determinative in deciding citizenship.") (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990)); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("this court must reject Century Surety's request to determine the citizenship of Siloam Springs by reference to its state of organization and the state of its primary business operations and, instead, joins all other circuits that have considered the matter in concluding Siloam Springs takes the citizenship of all its members.") (citing various).

Plaintiffs' inclusion of Broadspire appears to be a fraudulent joinder attempt to defeat diversity jurisdiction and removal. However, a Delaware corporation is not the same thing as a

Delaware-formed LLC. Thus, even if Broadspire were a proper party to this dispute, as Plaintiffs' true citizenships are Florida and Virginia, Plaintiffs are, in fact, diverse from Broadspire.

Nevertheless, the "claims" against Broadspire are fictitious. It is true that Broadspire is a third-party administrator ("TPA") for Hartford and has been handling certain underlying claims at various points; but Broadspire is performing services on behalf of *Hartford*. Broadspire is Hartford's TPA and has no contractual or other relationship of any kind with Plaintiffs. Indeed, the Amended Complaint does not even allege a contract with Broadspire or give any explanation on what basis Plaintiffs could be seeking relief from Broadspire in the first instance.

Moreover, Plaintiffs know Broadspire is not an insurer, but a TPA, Amended Complaint ¶¶ 1, 11, *passim*, and they know Broadspire owes Plaintiffs no insurance obligations; indeed, in effecting its TPA services for Hartford, Broadspire has not spent any of its own money. Plaintiffs' counsel attempt to cover up that, in fact, the entire defense of the underlying litigation to date, has not spent a single penny of even *Hartford's* money, but has been fully within Plaintiffs' deductible amounts in their alleged policies with Hartford. *See* Amended Complaint ¶ 4. In short, Broadspire has managed the flow of Plaintiffs' funds, but it is still Plaintiffs' funds. How would Broadspire have a right to "recoup" money that never belonged to it? And, how could Broadspire breach any contract or indemnity obligations that it does not have, let alone ones not even alleged? The answer to both, of course, is that it could not. Plaintiffs' claims against Broadspire are obviously false, and they should be dismissed for failure to state a claim.

To justify their fraudulent joinder, Plaintiffs primarily attempt to muddy the distinction between Hartford and Broadspire, again, presumably to try to prevent removal. While that attempt fails because there is complete diversity between Broadspire and Plaintiffs, nevertheless, Broadspire is only named in four counts: The Second Cause of Action (Declaratory Judgment –

Duty to Indemnify), Fourth Cause of Action (Declaratory Judgment – No Right to Recoup Defense Costs), Eighth Cause of Action (Breach of Contract), and the Ninth Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing) (Counts 2, 4, 8, and 9).

Notably, all of these counts – which consist largely, if not entirely, of impermissible shotgun pleading, *see Glenn v. First Nat. Bank in Grand Junction,* 868 F.2d 368, 371 (10th Cir. 1989); *Gonzalez v. Russell Sorensen Const.*, 2012 UT App 154, 279 P.3d 422, 426 n.4 – not only fail to state a claim against Broadspire but largely fail to even seek conclusory relief against Broadspire. In summary:

**As to the Second Cause of Action (Declaratory Judgment – Duty to Indemnify), Eighth Cause of Action (Breach of Contract) and Ninth Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing)**: No duty to indemnify exists or can exist as a matter of law, as Broadspire has no indemnity contract with Plaintiffs, and there cannot be a "Breach of Contract" or "Breach of Implied Covenant of Good Faith and Fair Dealing" where Broadspire has *no contract* with Plaintiffs.

Again, the Second, Eighth and Ninth Causes of Action do not actually assert any contract exists between Plaintiffs and Broadspire (nor is one alleged anywhere in the Amended Complaint), and those counts only allege Hartford or Twin City has some duty to indemnify or has breached any contract or implied duties. *See* Amended Complaint ¶ 42 ("Plaintiffs are entitled to a declaration that the defenses asserted by Hartford and Twin City do not defeat Hartford's or Twin City's duty to indemnify Plaintiffs for sums they may become legally obligated to pay as covered damages."); ¶76 ("As a direct and proximate result of Hartford's breaches of the Hartford Policy, Plaintiffs have been damaged in an amount to be proven at trial."); ¶82 ("As a direct and proximate result of Hartford's breach of the implied covenant of good faith and fair dealing, HSS has suffered

and will continue to suffer damages, including consequential damages that may exceed the limits of the Hartford Policy, in an amount to be proven at trial.") (emphases added).[1]

The only asserted contracts in the Amended Complaint are the insurance policies alleged between Plaintiffs and Hartford or Twin City, respectively, which is perhaps why Plaintiffs do not actually assert Broadspire breached any contract. If Plaintiffs are going to assert some contractual relationship exists between they and Broadspire, they must come forward with it or admit they were attempting fraudulent joinder to defeat diversity. *See Roe v. Gen. Am. Life Ins. Co.*, 712 F.2d 450, 452 n. * (10th Cir. 1983) ("the joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal.") (citing *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82 (10th Cir.1964)). Broadspire disclaims any indemnity or other contract exists between Broadspire and Plaintiffs and challenges Plaintiffs to produce one.

**As to the Fourth Cause of Action (Declaratory Judgment – No Right to Recoup Defense Costs)**: There is not even a basic case or controversy to substantiate a declaratory remedy. Broadspire has never asserted a right to "recoup" defense costs, nor could it actually do so, as Broadspire never had any legal title to the money spent on Plaintiffs' defense. Again, Plaintiffs have spent their own money on their own defense, and, even if there were coverage under the alleged policies, Plaintiffs' payments have been within the deductibles. For avoidance of doubt, Broadspire repudiates any such "recoupment" claim, perceived or otherwise, for money to which it never held legal title, including all the funds spent on Plaintiffs' defense costs to date. Broadspire challenges Plaintiffs to produce a communication where Broadspire said otherwise.

---

[1] And, these counts are also odd against Hartford and Twin City, whose payment obligations are not yet triggered even for defense costs.

Indeed, this is an issue with the entire Amended Complaint. The allegations against Broadspire in the actual Counts are all upon information and belief. While sometimes permissible, the context makes these assertions audacious. A party cannot manufacture a claim, case, or controversy by asserting it *thinks* a party *may* have taken a position. *See Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1300 (10th Cir. 2008) ("a 'controversy' must not be 'hypothetical or abstract,' but 'must be definite and concrete, touching the legal relations of parties having adverse legal interests.'") (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 242 (1937)). Either Broadspire has taken the position, or it has not. Broadspire says now it has not, and cannot, and challenges Plaintiffs to show otherwise. Indeed, it is fundamentally inconceivable how Broadspire could claim any right to "recoup" money belonging solely to Plaintiffs, let alone money belonging solely to Hartford or Twin City. And, Broadspire has not done so.

Notably, too, "a declaratory judgment is a remedy, not an independent cause of action." *Utah Hous. Corp. v. Country Pines, Ltd.*, 541 F. Supp. 3d 1288, 1296 n.1 (D. Utah 2021) (citing *Aetna*, 300 U.S. at 240); *Summit Cnty. v. Town of Hideout*, 2024 UT 39, ¶ 32, 557 P.3d 574, 581 ("Despite its broad terms, the Declaratory Judgment Act does not open courthouse doors that would be closed without it. 'The statutory creation of relief in the form of a declaratory judgment does not create a cause of action or grant jurisdiction to the court where it would not otherwise exist.'") (quoting *Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983)). Simply asking for a declaration does not mean that Plaintiffs have actually stated a *claim* that would substantiate that declaration. Without an actual cause of action to attach their declaratory remedies to, such as an actual contract between Plaintiffs and Broadspire, Plaintiffs have not stated any claim upon which relief may be granted. Again, Plaintiffs have no contractual or other relationship with Broadspire upon which to sue, and do not try to plead one.

Plaintiffs' allegations, at most, give some support to the notion that Broadspire may be deemed Hartford's agent for certain purposes, but that does not mean Broadspire is in any sense a proper party or that Plaintiffs have any claims against Broadspire. Plaintiffs' inclusion of Broadspire was apparently done for ulterior motives, perhaps to harass Broadspire, but is not a proper legal strategy or pleading.

As a note, in Amended Complaint ¶¶ 3 and 30, Plaintiffs refer to certain letters sent solely on behalf of Hartford and attempt to allege that Broadspire may have joined in them. The first such letter is Hartford's May 18, 2026 reservation of rights (Amended Complaint ¶ 30, Exhibit 1) which does *not* say it is on behalf of Broadspire. Broadspire did not author or join in that letter. The second is a letter by Mr. James Ruggeri of the firm Ruggeri Parks Weinberg LLP, dated June 29, 2026 (Amended Complaint ¶ 3, Exhibit 2), which like the other letter, does not state it was on behalf of Broadspire; and, like Exhibit 1, it was not. Indeed, at the time of these alleged communications, Ruggeri Parks Weinberg LLP was only Hartford and Twin City's counsel. Broadspire and Ruggeri Parks Weinberg LLP's first communications did not even occur until August 17, 2026, in anticipation of removal to federal court and Broadspire's response to Plaintiffs' Amended Complaint. Neither Mr. Ruggeri nor anyone else at Ruggeri Parks Weinberg LLP ever represented to Plaintiffs that they were Broadspire's counsel before this litigation, and the undersigned again challenges Plaintiffs to show otherwise.

Broadspire should not have to bear the costs of gamesmanship. The Court, thus, should award Broadspire its fees and costs pursuant to 28 U.S.C. § 1927 or otherwise as allowed by law.

## CONCLUSION

There is no contract between Broadspire and Plaintiffs; Plaintiffs do not even allege a contract with Broadspire; and Broadspire has never asserted, and disclaims, any purported a right

to recoupment for money it never owned. All else aside, the only Count that even attempts to seek relief against Broadspire is the Second Cause of Action, seeking a declaratory judgment that Broadspire cannot seek recoupment; this claim should be dismissed at minimum for a lack of a case or controversy, as Broadspire has never asserted such a right and herein disclaims the same. As the balance of Plaintiffs' claims do not even seek relief from Broadspire (let alone state a claim upon which relief may be granted), any claims against Broadspire should be dismissed with prejudice.

DATED this 25th day of August, 2026.

GOEBEL ANDERSON PC

*/s/ Heidi G. Goebel*
Heidi G. Goebel
Amberly Page

*Attorneys for Broadspire Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of August, 2026, I caused a true and correct copy of the foregoing **BROADSPIRE SERVICES, INC.'S MOTION TO DISMISS** to be served via first class mail, postage prepaid, or email only upon the following:

Mitchell Stephens
Dillon Olson
JAMES DODGE RUSSELL & STEPHENS, P.C.
545 East 300 South
Salt Lake City, UT 84102
mstephens@jdrslaw.com
dolson@jdrslaw.com

Renier P. Pierantoni
COOPER, LLC – COUNSELORS AT LAW
108 N. Union Avenue – Suite 4
Cranford, NJ 07016
renier@cooperllc.com

*Attorneys for Plaintiff*

*/s/ Karen Harwood*